EDGAR ELLIS *vs.* CITY OF LEWISTON.

Androscoggin.      Opinion March 25, 1896.

*Way.    Town.    New Trial.  · Jury.*

Where the jury return a verdict, and it appears that no questions of law were reserved and none of the rulings of the presiding justice were excepted to; that the questions of fact were fairly submitted to the jury; that they exercised an honest judgment; and that there was evidence tending to sustain all the allegations necessary for the plaintiff to prove, *the court considers* that the verdict cannot be set aside.

In this case, the plaintiff recovered a verdict of $500 against the city of Lewiston for a broken leg. He claimed that the injury was caused by a defect, or want of repair, in the street arising from a street railway, from which the

snow having been removed, the street was left with a rut where the rail of the horse-railway ran, and that there were shoulders of ice on each side of the rails by which the runner of the sleigh was caught and tipped over. It was admitted that the street railway was lawfully there. The plaintiff claimed that by reason of the railway some increase of risk for travelers occurred; and that the obligation still remained upon the city to keep the street in safe and sufficient condition. The defendant claimed that the snow was rightfully removed from the track and that the city had done all that could be reasonably required to make the street safe and convenient.

ON MOTION BY DEFENDANT.

This was an action on the case for injuries sustained by the plaintiff, February 22, 1892, by being tipped over and thrown out of his sleigh while driving along Main Street in the city of Lewiston.

The defect complained of was a rut where the rail of the horse-railroad ran, and shoulders of ice on each side, left when the street was plowed out after a storm—by which the runner of the sleigh was caught and tipped over.

The plaintiff described the defect in his declaration as follows:—"that at the point in said highway [Main Street] where the same is intersected by Lincoln Street, one of the streets of said city of Lewiston, and for a considerable distance along said Main Street in both directions from this said point of intersection with Lincoln Street, a depression existed in the traveled part of said Main Street along the line of the rails of the Lewiston & Auburn Horse-Railroad which extended along said street at said point of intersection; that the rails of said horse-railroad projected above the surface of the road bed in such depression, and that shoulders and ridges of snow and ice were on either side of said depression, both between the rails aforesaid and outside of the same; so as to render it difficult, unsafe and inconvenient for the runners of a sleigh passing along the highway at this point, and in said depression, to be turned in either direction upon said highway, or for a team driving along said depression to be so turned to avoid collision with another team passing along the highway at said point. . . ." It was admitted that the street railway was lawfully there.

The jury returned a verdict of $500 for the plaintiff, and the defendant filed a general motion for a new trial.

*A. R. Savage and H. W. Oakes*, for plaintiff.

By reason of the existence of the railroad that some increase of risk for travelers lawfully occurred, is conceded. But the obligation still remained upon the city to make this spot reasonably safe and convenient for travelers, in view of all the circumstances.

Among these circumstances, were the location of the spot, being at the intersection of Lincoln and Main Streets—just at the end of the bridge between Lewiston and Auburn and being the main thoroughfare between the cities; and the added fact that it was certain that on this particular day the streets, and this one especially, on account of the location, would be unusually crowded.

It cannot fairly be claimed that the plaintiff had previous knowledge of the defect. He had passed the place but once,—on a crowded street,—on the side of the sleigh farthest from the track, with nothing to call his attention to the defect which was concealed by the melted snow covering the rails. He says he did not notice the place.

The defense say that the plaintiff in going upon the part of the street where the railroad track ran, he was guilty of negligence. We ask the court to consider what that proposition involves.

It involves (1) the concession that the place was dangerous and so esteemed by the defendant; and (2) the claim that there was a place along the middle of a much traveled street of the city of Lewiston, a strip of four feet or more in width, where travelers could pass only at their own risk.

Ellis had a legal right to use the portion of the street where the track ran. If so, it becomes entirely immaterial whether the street was wide enough for him to have driven outside the track.

But this fact is to be noted. At the point where he entered the track there was no defect. The sleigh slewing, as it did, where he entered on the track found no ridge along the track at that point to cause it to tip over. The defective place was sixty feet ahead—the entire width of Lincoln Street. There was nothing careless, then, about his driving upon the track at that point. He did what any prudent driver might have done under the circumstances.

Being upon the track, with teams all about, the street full, what

was he to do? Evidently he should drive along till a fair opportunity came to get out of the track.

Suddenly he becomes aware of an approaching car. He understands he must clear the track. He attempts to turn and is capsized.

Due care a question of fact for the jury, and depends upon all the circumstances. *Garman* v. *Bangor*, 38 Maine, 443; *Coombs* v. *Purrington*, 42 Maine, 332; *Frost* v. *Waltham*, 12 Allen, 85; *Pollard* v. *Woburn*, 104 Mass., 84; *Weed* v. *Ballston*, 76 N. Y., 329.

Plaintiff only required to use ordinary care, and not responsible for mere mistake of judgment. *Farrar* v. *Greene*, 32 Maine, 574; *Haskell* v. *New Gloucester*, 70 Maine, 305.

Notice to Street Commissioner:—*Welsh* v. *Portland*, 77 Maine, 384; *Rogers* v. *Shirley*, 74 Maine, 144; *Bragg* v. *Bangor*, 51 Maine, 532; *Holt* v. *Penobscot*, 56 Maine, 15.

Liability for defect caused by railroad: *Phillips* v. *Veazie*, 40 Maine, 96; *Veazie* v. *Penobscot R. R.*, 49 Maine, 119; *Wellcome* v. *Leeds*, 51 Maine, 313.

*R. W. Crockett*, City Solicitor, for defendant.

There was no defect. The rule of law is, that notwithstanding there may be a street railway built and notwithstanding it may increase the dangers to travelers who use it, the law requires that the city use only reasonable care to keep the street in a safe condition so far as they reasonably can in view of the existence of the railroad track. And if owing to the existence of the railroad track, the street becomes dangerous for travel, still if the city has neglected no reasonable duty which it ought to perform in view of all the circumstances, then it is not liable for injuries sustained by travelers. *Gillett* v. *Western R. R. Corp.*, 8 Allen, 560, p. 563, and cases; *Tasker* v. *Farmingdale*, 85 Maine, 523, p. 525, and cases; *Knowlton* v. *Augusta*, 84 Maine, 572; *North Manheim* v. *Arnold*, 119 Pa. St. 380, (S. C. 4 Am. St. Rep. 650, p. 652); *Raymond* v. *Lowell*, 6 Cush. 524, pp. 532–4–5.

The testimony shows that the plaintiff on the afternoon in question had driven down Main Street to Auburn; that he remained in

Auburn about twenty minutes; that he drove back over the same way; and had the condition of the street been defective the plaintiff should have seen it, and having seen it should have given notice to one of the municipal officers in accordance with the terms of the statute. *Haines* v. *Lewiston*, 84 Maine, 18; *Knowlton* v. *Augusta*, supra. The plaintiff guilty of contributory negligence: Had he used reasonable care he would have avoided the track by keeping on the level portion of the road outside the rails. He also manifested a lack of due care in driving along the track thirty or forty yards before attempting to turn out.

Again his statement of the occurrence has not in it the element of plausibility. The testimony shows that the slope to the rail was a gradual one, and the weather being warm and the snow melting, the plaintiff's sleigh would not naturally slew down the incline with sufficient force to carry it over the elevation of snow between the rails, causing the horse to be pulled in at the same time. And had the condition of the street been such as to cause the horse and sleigh to slew onto the track in that manner, the plaintiff by using reasonable care could have turned out without injury to himself. *Mosher* v. *Smithfield*, 84 Maine, 334; *Murphy* v. *Deane*, 101 Mass., 455; *Shaw* v. *B. & W. R. R.*, 8 Gray, 45; *Mayo* v. *B. & M. R. R.*, 104 Mass. 141; *Little* v. *Brockton*, 123 Mass. 511; *Gaynor* v. *Old Colony & Newport Ry. Co.*, 100 Mass. 208.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WHITEHOUSE, WISWELL, JJ.

WALTON, J. The plaintiff has obtained a verdict against the city of Lewiston for an injury claimed to have been caused by a defect, or want of repair, in one of its public streets. The injury was a broken leg, and the amount recovered, $500. The amount is not excessive, and there is no reason to believe that the jury were influenced by other than honest motives. But the defendant's counsel insists that the verdict is clearly and manifestly against the weight of evidence, and ought to be set aside.

The dangerous condition of the street was caused by a street railway along the center of it. The snow had been removed from

the railway track and left upon the sides of the street, thus leaving the street in a condition too familiar to every one to need a description. The plaintiff says that his sleigh slewed on the track, and that for thirty or forty yards he pursued his way on the track; that he then saw a horse car approaching, and he attempted to turn out; and, as he attempted to turn out, the sleigh tipped over and he fell out and broke his leg; that, at that time, at that place, the track was covered with water to the depth of several inches.

It is insisted in defense that the street railway was rightfully there, and that the snow was rightfully removed from its track, and that the street commissioner of Lewiston had done all that could reasonably be required of him to make the street safe and convenient for travelers.

The case is a close one; and if the action had been tried by the court without a jury, perhaps a different result would have been reached. But no questions of law have been reserved, and none of the rulings of the presiding justice have been excepted to. The questions of fact appear to have been fairly submitted to the jury, and there is no reason to doubt that they exercised an honest judgment. There is some evidence tending to sustain every allegation which it was necessary for the plaintiff to prove. Its sufficiency was a question for the jury. And, upon the whole, it is the opinion of the court that the verdict is one which the court can not rightfully set aside.

*Motion overruled.*